UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                  Case No. 17-cr-123-pp

RANDALL "RANDY" SMITH,

        Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION (DKT. NO. 24) TO MAGISTRATE JUDGE JONES' ORDER (DKT. NO. 22), DENYING DEFENDANT'S MOTION TO COMPEL (DKT. NO. 17), AND AFFIRMING THE ORDER**

---

A grand jury has charged the defendant with possessing and distributing child pornography.

On August 11, 2017, the defendant filed a motion, asking the court to compel the government to "divulge who produced the IP address associated with the ChatStep moniker 'hornydad' and how that source obtained the IP address." Dkt. No. 17 at 7.

The motion alleged that the government had monitored on online chat room, and had observed a user with the screen name "hornydad" post messages that contained hyperlinks to folders containing child pornography files. Id. at 2. The motion indicates that FBI agents contacted the Department of Homeland Security, and that an agent of DHS contacted a foreign law enforcement partner and gave that partner the IP address associated with

1

"hornydad" on ChatStep. Id. The IP address was associated with a Time Warner cable user; the FBI served a subpoena on Time Warner, and found that the screen name was assigned to the defendant. Id. at 2-3.

The defendant alleges in his motion to compel that federal law enforcement officers used a technique called "parallel construction" to obtain the search warrant they used to recover evidence against the defendant. Id. at 1. The defendant asserts that "parallel construction" is "a law enforcement technique where police create an investigative trail to conceal how they originally discovered criminal activity." Id. He asserts that the "new" investigative trail "is typically free of identifiable Fourth Amendment infractions, while the original investigative techniques that may have violated the Fourth Amendment are never revealed." Id. He claims that in "most cases" where law enforcement officers use parallel constructions, "a defendant will never know of it." Id.

In this case, the defendant argues that the government used, and has disclosed that it used, parallel construction. He objects, however, to the fact that the government has refused to tell him the identity of the "foreign law enforcement partner," or to tell him how that partner obtained the information it provided to the DHS. Id. The motion indicates that the defendant has asked for that information, but that the government has refused to produce it. Id. at 3. Thus, the defendant asked the court to compel the government to produce the information. Id.

The government responded, arguing that the defendant had not cited any provision of the Federal Rules of Criminal Procedure or any other rule or statute that would require the government to produce the information the defendant sought. Dkt. No. 20 at 4. Rather, the government pointed out, the defendant's argument was based on a law review article criticizing the practice of parallel construction under certain amendments to the Foreign Intelligence Surveillance Act ("FISA"). Id. The government went through an analysis of the rules and case law on discovery in criminal cases, as well as the law enforcement privilege, and for a variety of reasons, urged the court to deny the defendant's motion. Id. at 5-9. The defendant filed a reply. Dkt. No. 21.

On August 31, 2017, Magistrate Judge Jones denied the defendant's motion to compel. Dkt. No. 22. The defendant objected to this order, dkt. no. 24, and the government responded to the objection, dkt. no. 26. This court overrules the defendant's objection, and affirms Judge Jones' decision.

Section 636(b)(1)(A) of Title 28 authorizes district courts to designate magistrate judges to "hear and determine any pretrial matter pending before the court," with a handful of exceptions not relevant here. The district court in this district has made such a designation. The Local Rules for the Eastern District of Wisconsin authorize the magistrate judges to "supervis[e] and determin[e] . . . without limitation, motions and orders made pursuant to Fed. R. Crim. P. . . . 16[.]" Gen. L. R. 72(b)(2)(N). Fed. R. Crim. P. 16 governs discovery in criminal cases. In denying the motion to compel because he found that "[the defendant] ha[d] not met his burden of establishing that the

information he [sought] [was] material to preparing his defense," Judge Jones acted squarely within his authority under Gen. L.R. 72(b)(2)(N). Dkt. No. 22 at 5.

The defendant now asks this court to reconsider that order. Under 28 U.S.C. §636(b)(1)(A), a district judge may reconsider a magistrate judge's determination on a pretrial matter only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." This standard is different from the *de novo* standard the district court uses to review a magistrate judge's report and recommendation. The defendant's objection neither cites this standard nor argues that Judge Jones' order is clearly erroneous or contrary to law. Dkt. No. 24. Absent a showing that Judge Jones' order was clearly erroneous or contrary to law—a showing the court does not believe the defendant could make—the court has no basis to revisit Judge Jones' order.

The court **OVERRULES** the defendant's objection to Judge Jones' order, dkt. no. 24, **DENIES** the defendant's motion to compel, dkt. no. 17, and **AFFIRMS** Judge Jones's order, dkt. no. 22.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2017.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**